**United States Bankruptcy Court**
**Northern District of New York**

In re **Gregory B Krieger**      Case No.
                     Debtor(s)      Chapter **13**

# CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$900.00** per month for **60** months.

   Total of plan payments: **$54,000.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee: **10.00**%
   (2) Attorney's Fee (unpaid portion): **$2,689.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion): **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

      **-NONE-**

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
   |---|---|---|
   | **-NONE-** | | |

   (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   Claimant and proposed treatment:    **-NONE-**

   (2) Other Priority Claims.

   | Name | Amount of Claim | Interest Rate (If specified) |
   |---|---|---|
   | **Internal Revenue Service** | **13,000.00** | **0.00%** |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Ford Motor Credit Corporation** | **2006 Ford Mustang, 61,000 miles, vehicle is in need of new convertable vynl top, front tires, tune up - Estimated cost of repairs $2,000.00, the Kelley Blue Book (kbb.com) private party good value of vehicle is $10,615.00. Purchased vehicl** | **225.00** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

    (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Ford Motor Credit Corporation** **2006 Ford Mustang, 61,000 miles, vehicle is in need of new convertable vynl top, front tires, tune up - Estimated cost of repairs $2,000.00, the Kelley Blue Book (kbb.com) private party good value of vehicle is $10,615.00. Purchased vehicl** | **10,615.00** | **258.90** | **0.00%** |

    (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d. Unsecured Claims

  (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

  (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **1** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Bac Home Loans Servici**<br>**Single Family Residence: 233 Chestnut Street, North Syracuse NY 13212 Debtor feels the fair market value of the property in todays market is $85,000.00** | **22,000.00** | **0.00%** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Bac Home Loans Servici**<br>**Single Family Residence: 233 Chestnut Street, North Syracuse NY 13212 Debtor feels the fair market value of the property in todays market is $85,000.00** | **63,000.00** | **1,196.47** | **Contract Rate** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

**Any and all creditors filing a secured proof of claim or a priority claim with the Bankruptcy Court in this case are hereby noticed of the requirement to serve copies of those proofs of claims on the counsel so as to avoid potential interference with the ongoing feasibility of the Chapter 13 Bankruptcy should the information in the proof of claim be found to conflict with the information as stated in the Plan.**

**Nothing set forth herein shall constitute a waiver, acknowledgement or admission with respect to any rights of the Debtor to dispute claims, contest liens, interests or encumbrances, or to seek any relief allowable pursuant to the Bankruptcy Code or other applicable law. Specifically the Firm orders and uploads a consolidated credit report that in certain instances contains errors. The Firm does not check the "dispute" tab in the particular schedule in order to make case administration by the Trustee more efficient; however, failure to check the "dispute" tab for the particular debt is not a waiver of the ability of the Debtor to contest debts that are not valid.**

**If a student loan obligation is owed to the U. S. Department of Education they shall receive the same treatment in the plan as the other unsecured claims. However, pursuant to 11 U.S.C. § 523(a)(8) the student loan obligation is non-dischargeable. Interest will continue to accrue during the pendency of the Bankruptcy. The remaining unpaid balance of the student loan obligation, together with accrued interest, will survive the Discharge and be payable following the completion of the Plan.**

**If no provision is made for the proceeds of a tax refund from the Federal or State governments the parties stipulate that the first $1,500.00 will remain the property of the Debtor and the amount of any combined refund over $1,500.00 will be paid to the Plan.**

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | |
|---|---:|
| 1. Attorney Fees | **2,689.00** |
| 2. Arrearages | **22,000.00** |
| 3. Secured Claims | **10,615.00** |
| 4. Priority Claims | **13,000.00** |
| 5. Separate Class of Unsecured Claims | **0.00** |
| 6. All other unsecured claims | **296.00** |
| Total payments to above Creditors | 48,600.00 |
| Trustee fees | 5,400.00 |
| Total Debtor payments to the Plan | 54,000.00 |

Date **December 8, 2010**  Signature **/s/ Gregory B Krieger**
**Gregory B Krieger**
Debtor